UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HARRY RANDOLPH** | **CASE NO. 2:17-CV-00355** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LARRY AMOS ET AL.** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss for Failure to State a Claim [doc. 69] and a Motion to Dismiss for Insufficient Service of Process [*id.*], filed by defendants Larry Amos and Brandon Perkins. Plaintiff Harry Randolph has filed no response to the motions and they are regarded as unopposed.

### I.
### BACKGROUND

This suit arises from Randolph's arrest following a traffic stop conducted by officers of the Oakdale Police Department. Randolph alleges as follows: On the evening of March 7, 2016, he was a rear seat passenger in a vehicle owned by someone else that was stopped due to lack of visible tail lights in Oakdale, Louisiana, by Officer Larry Amos. Doc. 55, p. 3. Amos questioned the driver about the traffic violation, had the occupants exit the vehicle, and ran a warrant check on Randolph, which came back clean. *Id.* at 4. Nevertheless, Officers Brandon Johnson and Ben Perkins arrived a short time later and began questioning each vehicle occupant individually about other crimes, though Randolph had not been read his *Miranda* rights or told the reason for the stop. *Id.* They also took Randolph to the rear

1

of the vehicle and, without provocation, slammed him into it. *Id.* Randolph alleges that he only held onto the vehicle to keep from falling to the ground and did not resist the officers, but that they proceeded to tackle him, spray him with pepper spray, and shock him multiple times with a taser gun. *Id.* at 5. After he was handcuffed, Randolph asserted, Officer Johnson lifted him by the hair and punched him multiple times in the face. *Id.* Suffering from his injuries, including two broken ribs, Randolph was taken to the jail and left on the floor of his cell. *Id.* No mugshot was taken and he did not receive medical attention until he was released five days later, with only a possession of marijuana charge. *Id.* at 6, 11.

Randolph further alleges that the officers falsified the police report by claiming that they had seen a bag of marijuana in his mouth, which he purportedly destroyed by flushing down the toilet in his cell, and that he had resisted arrest against three officers by wrestling them all into a ditch. *Id.* at 7. Randolph was subsequently charged with resisting arrest, possession of cocaine, and destruction of evidence as well. *Id.* at 9.

On March 6, 2017, while his criminal case was still pending, Randolph filed a civil rights suit in this court under federal and state law against the City of Oakdale, Officers Amos, Johnson, and Perkins, Oakdale Police Chief William Henry Bishop in his official capacity, Allen Parish Sheriff Doug Hebert in his official capacity, Oakdale Mayor Gene Paul, and Allen Parish District Attorney Todd Nesom in his official capacity. Doc. 1. On July 12, 2017, the City of Oakdale filed an unopposed motion to stay proceedings pending a resolution of the criminal case. Doc. 11. The court granted the motion and then reopened this matter on May 20, 2021, after appeal deadlines had expired on Randolph's conviction for resisting arrest. Doc. 39. One week later, the clerk of court issued a notice of intent to

dismiss defendants Larry Amos and Brandon Johnson for failure to effect service within 90 days. Doc. 40.

Randolph filed an amended complaint on June 23, 2021, and the court then dismissed claims against several defendants on unopposed motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). Amos and Johnson now move for dismissal of the claims against them on the grounds that they were never properly served and that Randolph fails to state a claim on which relief can be granted. Randolph has filed no opposition to the motions within the time set forth by court order. The motions are therefore regarded as unopposed.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing. Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Rule 12(b)(5) allows for dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna Bus. Credit*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule 4(m)'s time limit, the court must extend the time to effect service for good cause shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed. R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). Proof of good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985)). The court also normally requires "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified[.]" *Id.* (internal quotations omitted).

Here the deadline for serving defendants named in the original complaint fell on June 5, 2017, over thirty days before one of the defendants requested that a stay be entered. The stay was lifted nearly three months ago and a notice of intent to dismiss the officers was entered by the clerk of court. Since that time Randolph has filed an amended complaint but has made no response to the motions to dismiss. He has also failed to respond to the notice of intent to dismiss or to request an extension of time for effecting service. Accordingly, he fails to meet his burden of establishing good cause and the court has discretion to either permit untimely service or dismiss the suit without prejudice.

4

The next question, then, is whether dismissal is the appropriate sanction. "Where further litigation of a claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal quotation omitted). Such a dismissal is appropriate where (1) "there is a clear record of delay or contumacious conduct by the plaintiff," and (2) lesser sanctions would not prompt diligent prosecution, or the record shows that lesser sanctions have proved to be futile. *Id.* The Fifth Circuit also usually finds at least one of the following aggravating factors: (1) delay caused by plaintiff himself rather than his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry*, 975 F.2d at 1191). This standard has been applied on a motion to dismiss for failure to effect service. *See, e.g., Kidd v. Monroe Transit Sys.*, 2021 WL 537100, at *6 (W.D. La. Jan. 28, 2021), *report and recommendation adopted*, 2021 WL 536136 (W.D. La. Feb. 12, 2021).

Randolph's § 1983 and state law claims against Amos and Peterson are both governed by Louisiana's one-year prescriptive period for delictual actions. *See Elzy v. Roberson*, 868 F.2d 793, 794–95 (5th Cir. 1989). That period began to run with his arrest in March 2016. While the filing of a lawsuit interrupts prescription under Louisiana Civil Code article 3462, this interruption does not apply to Amos and Peterson because the proceedings against them are void. The filing of an amended complaint against the same defendants does not excuse or cure a party's failure to properly serve those defendants with the original complaint within Rule 4(m)'s time limits. *Millan v. United States Auto. Ass'n*,

5

2008 WL 11515667, at *3 (E.D. La. Jan. 9, 2008). There is a clear record of contumacious conduct in this matter based on plaintiff's failure to respond to any of the motions to dismiss, and this failure also leaves the court with no basis to determine that lesser sanctions would be appropriate. There is also actual prejudice to the defendants based on the considerable length of time that has passed since Randolph's arrest, with the likelihood that memories will have faded and evidence may not be retrievable. Accordingly, the court finds that dismissal under Rule 12(b)(5) is appropriate despite its effect on refiling and will not explore the other grounds raised.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss for Insufficient Service of Process [doc. 69] will be **GRANTED** and the Motion to Dismiss for Failure to State a Claim [doc. 69] will be **DENIED AS MOOT.** Accordingly, the claims against Larry Amos and Brandon Johnson will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 12th day of August, 2021.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**