UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

HARRY RANDOLPH                          CASE NO.  2:17-CV-00355

VERSUS                                  JUDGE JAMES D. CAIN, JR.

LARRY AMOS ET AL                        MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Failure to State a Claim [doc. 79] filed

by defendant Joe Green, who has been named in his official capacity as district attorney

for the 33rd Judicial District, Allen Parish, Louisiana. Plaintiff Harry Randolph opposes

the motion. Doc. 91.

## I.
### BACKGROUND

This suit arises from Randolph's arrest following a traffic stop conducted by officers

of the Oakdale Police Department. Randolph alleges as follows: On the evening of March

7, 2016, he was a rear seat passenger in a vehicle owned by someone else that was stopped

due to lack of visible tail lights in Oakdale, Louisiana, by Officer Larry Amos. Doc. 55, p.

3. Amos questioned the driver about the traffic violation, had the occupants exit the vehicle,

and ran a warrant check on Randolph, which came back clean. *Id.* at 4. Nevertheless,

Officers Brandon Johnson and Ben Perkins arrived a short time later and began questioning

each vehicle occupant individually about other crimes, though Randolph had not been read

his *Miranda* rights or told the reason for the stop. *Id.* They also took Randolph to the rear

1

of the vehicle and, without provocation, slammed him into it. *Id.* Randolph alleges that he only held onto the vehicle to keep from falling to the ground and did not resist the officers, but that they proceeded to tackle him, spray him with pepper spray, and shock him multiple times with a taser gun. *Id.* at 5. After he was handcuffed, Randolph asserted, Officer Johnson lifted him by the hair and punched him multiple times in the face. *Id.* Suffering from his injuries, including two broken ribs, Randolph was taken to the jail and left on the floor of his cell. *Id.* No mugshot was taken and he did not receive medical attention until he was released five days later, with only a possession of marijuana charge. *Id.* at 6, 11.

Randolph further alleges that the officers falsified the police report by claiming that they had seen a bag of marijuana in his mouth, which he purportedly destroyed by flushing down the toilet in his cell, and that he had resisted arrest against three officers by wrestling them all into a ditch. *Id.* at 7. Randolph was subsequently charged with resisting arrest, possession of cocaine, and destruction of evidence as well. *Id.* at 9.

On March 6, 2017, while his criminal case was still pending, Randolph filed a civil rights suit in this court under federal and state law against the City of Oakdale, Officers Amos, Johnson, and Perkins, Oakdale Police Chief William Henry Bishop in his official capacity, Allen Parish Sheriff Doug Hebert in his official capacity, Oakdale Mayor Gene Paul, and the Allen Parish District Attorney in his official capacity. Doc. 1. Pursuant to an unopposed motion by the City of Oakdale, the court stayed proceedings pending a resolution of the criminal case. Doc. 11. The court reopened this matter on May 20, 2021,

after appeal deadlines had expired on Randolph's conviction for resisting arrest. Doc. 39.

Randolph then filed an amended complaint.[1]

Randolph alleges, in relevant part, that the Allen Parish District Attorney violated his civil rights by maintaining the charges against him in bad faith. Doc. 55, ¶ 58. Joe Green, current district attorney, now moves to dismiss these claims. He argues that Randolph's guilty plea to resisting arrest bars his claims under the *Heck* doctrine, and in the alternative that the claims are barred by the Eleventh Amendment and that Randolph otherwise fails to state a claim on which relief can be granted. Doc. 79.

**II.**
**LAW & APPLICATION**

**A. Legal Standards**

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club,*

---

[1] The court then dismissed claims against several defendants on unopposed motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6).

*Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B. Application

In a section 1983 claim seeking damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Randolph complains of Green's pursuit of both the resisting arrest charge to which he pleaded guilty and the drug charges that were dismissed at his plea hearing. *See* doc. 79, att. 2. A disposition of *nolle prosequi* can represent a favorable termination under *Heck*. *Wilkins v. DeReyes*, 528 F.3d 790, 803 (10th Cir. 2008). A "bare nolle prosse" is insufficient, however, and the *Heck* bar is only lifted when circumstances indicate that the failure to proceed was based on a lack of reasonable grounds for the prosecution. *Id.* (internal quotations omitted). Here the drug charges were dismissed at the state's motion

4

in connection with Green's guilty plea, indicating compromise rather than any such disposition.[2]

Randolph's claims against Green call into question the validity of his guilty plea, which "is a conviction under Louisiana law." *Connors v. Graves*, 538 F.3d 373, 377–78 (5th Cir. 2008) (citing *State v. Thornton*, 521 So.2d 598, 600 (La. Ct. App. 1st Cir. 1988)). This conviction has not been set aside in any manner described by *Heck*. Accordingly, any such claim is premature and must be dismissed with prejudice to their being asserted again before *Heck*'s conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (describing preferred manner of dismissal for *Heck* bar).

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 79] will be granted and the claims against Green will be dismissed with prejudice to their being asserted again before *Heck*'s conditions are met.

**THUS DONE AND SIGNED** in Chambers on this 15th day of November, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] The factual basis given at the plea hearing also provides the basis for the drug charges, with the prosecutor stating that officers saw Randolph with a large object in his mouth when he emerged from the vehicle, which had a strong odor of marijuana, that the EMT who later tended to him also observed what appeared to be marijuana stems in his mouth, and that Randolph presented for treatment at the hospital shortly thereafter where he admitted to being a social user of marijuana and cocaine. Doc. 79, att. 2.