UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HARRY RANDOLPH** | **CASE NO. 2:17-CV-00355** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LARRY AMOS ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a "Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)" [Doc. 94] filed by Defendants, Sheriff Doug Hebert and Officer Ben Perkins. Defendants maintain that Plaintiff has not sufficiently pled either Federal or Louisiana state law claims which can or should survive in this action and seek to have such claims dismissed with prejudice with Plaintiff to bear all costs. Randolph has filed no opposition to the motion and his time for doing so has passed.

### BACKGROUND

This suit arises from Randolph's arrest following a traffic stop conducted by officers of the Oakdale Police Department. Randolph alleges as follows: On the evening of March 7, 2016, he was a rear seat passenger in a vehicle owned by someone else that was stopped due to lack of visible taillights in Oakdale, Louisiana, by Officer Larry Amos. Doc. 55, p. 3. Amos questioned the driver about the traffic violation, had the occupants exit the vehicle, and ran a warrant check on Randolph, which came back clean. *Id.* at 4. Nevertheless, Officers Brandon Johnson and Ben Perkins arrived a short time later and began questioning each vehicle occupant individually about other crimes, though Randolph had not been read

his *Miranda* rights or told the reason for the stop. *Id.* They also took Randolph to the rear of the vehicle and, without provocation, slammed him into it. *Id.* Randolph alleges that he only held onto the vehicle to keep from falling to the ground and did not resist the officers, but that they proceeded to tackle him, spray him with pepper spray, and shock him multiple times with a taser gun. *Id.* at 5. After he was handcuffed, Randolph asserted, Officer Johnson lifted him by the hair and punched him multiple times in the face. *Id.* Suffering from his injuries, including two broken ribs, Randolph was taken to the jail and left on the floor of his cell. *Id.* No mugshot was taken and he did not receive medical attention until he was released five days later, with only a possession of marijuana charge. *Id.* at 6, 11.

Randolph further alleges that the officers falsified the police report by claiming that they had seen a bag of marijuana in his mouth, which he purportedly destroyed by flushing down the toilet in his cell, and that he had resisted arrest against three officers by wrestling them all into a ditch. *Id.* at 7. Randolph was subsequently charged with resisting arrest, possession of cocaine, and destruction of evidence as well. *Id.* at 9.

On March 6, 2017, while his criminal case was still pending, Randolph filed a civil rights suit in this court under federal and state law against the City of Oakdale, Officers Amos, Johnson, and Perkins, Oakdale Police Chief William Henry Bishop in his official capacity, Allen Parish Sheriff Doug Hebert in his official capacity, Oakdale Mayor Gene Paul, and the Allen Parish District Attorney in his official capacity. Doc. 1. Pursuant to an unopposed motion by the City of Oakdale, the court stayed proceedings pending a resolution of the criminal case. Doc. 11. The court reopened this matter on May 20, 2021, after appeal deadlines had expired on Randolph's conviction for resisting arrest. Doc. 39.

Randolph then filed an amended complaint on June 23, 2021, [Doc. 55], and the court then dismissed claims against several defendants on unopposed motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). Defendants Sheriff Doug Hebert and Officer Ben Perkins now move for a Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that Randolph has not sufficiently pled either Federal or State law claims which can or should survive. Randolph has filed no opposition to the motions within the time set forth by court order. The motions are therefore regarded as unopposed.

## LAW & ANALYSIS

### a. Rule 12(c) Standard

A Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) Motion to Dismiss. See *Bennett-Nelson v. Louisiana Bd. Of Regents,* 431 F.3d 448, 450 n. 2 (5th Cir. 2005). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted and authorizes a court to dismiss a case pursuant to a motion by the defendant when a plaintiff has not stated a cause of action. *Ceason v. Holt,* 73 F.3d 600 (5th Cir. 1996). "A claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which will entitle him to relief." *U.S. ex. Rel. Willard v. Humana Health Plan of Texas, Inc.,* 33 F.3d 375, 379 (5th Cir. 2003).

The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

### b. Application

#### 1. *Heck* bar

In his amended complaint [Doc. 55], Randolph argues that he was: (1) arrested absent probable cause or legal justification; (2) Officer Perkins' questioning of him violated his Fourth Amendment rights against illegal and unreasonable searches and seizures; and (3) that the force allegedly used against him by Officer Perkins during the course of his arrest was unwarranted and excessive. Randolph has further asserted that Defendants are liable to him under Louisiana state law for false arrest, false imprisonment, malicious prosecution, assault, battery, and defamation.

Defendants argue that Randolph was convicted of one court of Resisting an Officer. Doc. 94-3. Defendants assert that based upon the alleged facts of this case, in conjunction with Randolph's subsequent guilty plea to Resisting and Officer, Randolph's 42 U.S.C. § 1983 claims, in addition to his Louisiana state law claims should be dismissed pursuant to the principles in *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. 94-1 p. 7.

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff could not recover damages for an allegedly unconstitutional arrest or conviction, "or for other harm caused

by actions whose unlawfulness would render a conviction or sentence invalid," unless he first showed that an authorized tribunal or executive body has overturned or otherwise invalidated his conviction. *Id.* at 486–87. Here the plaintiff has raised claims of unconstitutional false arrest and imprisonment under 42 U.S.C. § 1983. As defendants have shown however, he was subsequently convicted by a "no interest" plea to one count of resisting an officer.[1] Doc. 94-3. Accordingly, the federal claims for false arrest and imprisonment are barred under *Heck* and the motion will be granted in this regard.

As for the state law false arrest/imprisonment claims, a plaintiff must show that the arrest was unlawful and that it resulted in injury. *Landry v. Duncan*, 902 So.2d 1098, 1102 (La. Ct. App. 5th Cir. 2005). If police officers act pursuant to their statutory authority in arresting and incarcerating an individual, then there is no liability. *Dyas v. Shreveport Police Dep't*, 136 So.3d 897, 902–03 (La. Ct. App. 2d Cir. 2014) (citing *Kyle v. City of New Orleans*, 353 So.2d 969 (La. 1977)). Accordingly, there is no liability when a person is arrested or imprisoned upon a determination of probable cause that he has committed a crime. *Id.* Probable cause is "conclusively proven by [the plaintiff's] indictment and conviction in [a] criminal case." *Gibson v. Louisiana*, 758 So.2d 782, 790–91 (La. 2000). Because Randolph was subsequently convicted of one of the crimes in the amended charge, his tort claims for false arrest and imprisonment also fail as a matter of law. This determination inures to the benefit of all defendants, including the arresting officers.

---

[1] Randolph attempted to withdraw his plea, but the motion was denied and his application for supervisory writs was denied by the Louisiana Third Circuit Court of Appeal. Doc. 66, att. 3. His time for seeking review in the Louisiana Supreme Court has passed and the conviction is therefore final. *See id.*

### 2. *Monell* **claims**

In his amended complaint [Doc. 55 pp. 43], Randolph is bringing claims against Sheriff Doug Hebert for "acquiescing to the excessive and unlawful use of abusive and intimidating actions, threats, and assaults upon the plaintiff and failing to prevent the acts, intervene in the protection of plaintiff nor report the actions of the unruly Officers under their supervision employment and control, failure to properly train officers, failure to have meaningful policies or systems in place to handle excessive force claims, and failure to have proper policy in place to treat injured inmate/arrestees after the use of tasers, pepper spray or any use of force"

Defendants argue that Randolph does not specify whether he is suing Sheriff Doug Hebert in his individual capacity or his official capacity, but regardless of the designation, the result is that no action lies against Sheriff Doug Hebert. Doc. 94-1 p. 11.

Defendants first argue that no individual capacity claims lie against Sheriff Doug Hebert because no specific conduct giving rise to a constitutional violation was alleged. For individual capacity claims, the standard requires more than conclusional assertions and the plaintiff must allege specific facts giving rise to constitutional claims. *Oliver v. Scott*, 276 F.3d 736,741 (5th Cir. 2002). Furthermore, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Defendants argue that the absence of any allegation involving Sheriff Doug Hebert's personal involvement in the incident giving rise to this action shows that all individual capacity claims against Sheriff Doug Hebert are meritless. The Court agrees and any individual capacity claim against Sheriff Doug Heber will be dismissed.

Defendants next argue that no official capacity claim exists against Sheriff Doug Hebert. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Defendants assert that as such, an official capacity claim against the Sheriff would be a claim against the local governmental entity itself.

The Supreme Court set forth the elements of municipal liability under § 1983 in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A successful claim requires proof of the following: a policymaker, an official policy, and a constitutional violation whose "moving force" is the policy or custom. *Id.* at 694. Because municipal liability cannot be predicated on a theory of *respondeat superior*, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur [and] isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Randolph only alleges generally that the officers were acting pursuant to city policies and that there was an "unspoken policy" of "vigilante style arrests." Doc. 55, pp. 14–15. As the Fifth Circuit has emphasized, "[a] policy or custom is official only when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority' over the subject matter of the offending policy." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (internal quotations omitted). An unwritten rule may rise to this level when it is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski*, 237 F.3d at 579. However, Randolph's municipal liability claim is based on a single incident. He does not identify any

other municipal acts or omissions that would support the city's liability for his arrest. Accordingly, he fails to state a claim for municipal liability. As for any claims based on state law for the city's negligent hiring and training of officers, as described above, Randolph fails to provide sufficient allegations in support of such a claim. A municipality's failure to train its employees must amount to "deliberate indifference to the rights of a person with whom the [untrained employees] come into contact." *City of Canton*, *Ohio v. Harris* 489 U.S. 378, 389 (1989). The remaining claims against the city should therefore be dismissed.

### 3. Claims under 42 U.S.C. § 1981

Randolph has also generally asserted that the defendants are liable to him under 42 U.S.C. § 1981. That statute provides, in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Randolph makes no allegations pointing to racial discrimination. Accordingly, this claim fails as a matter of law as to all defendants.

### 4. First, Fifth, and Fourteenth Amendment claims

Randolph has also alleged that his right to due process under the Fifth and Fourteenth Amendments and free speech/assembly under the First Amendment were violated. As to the Fifth Amendment claims, the city contends that they are not viable because that amendment applies only to the federal government. "The Due Process Clause

of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" *Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F.Supp.2d 605, 631 (W.D. La. 2013) (quoting *Dusenbery v. U.S.,* 534 U.S. 161, 167 (2002)). There is no dispute that all defendants in this matter are state, rather than federal, actors. Accordingly, Randolph has no plausible § 1983 claim based on a violation of Fifth Amendment rights but his Fourteenth Amendment claims are still viable under this argument. As to the City of Oakdale, however, Randolph fails to allege how that entity violated his right to due process beyond the *Heck*-barred claims described above and so any Fourteenth Amendment claim must also be dismissed.

The First Amendment, on the other hand, does apply to state actors as a result of its incorporation through the Fourteenth Amendment. *See, e.g.*, *Manhattan Community Access Corp. v. Halleck*, __ U.S. __, 139 S.Ct. 1921, 1928 (2019). But Randolph provides no allegation showing how his rights of speech, petition, assembly, or religion were limited by any defendant. Accordingly, this claim fails as a matter of law as to all defendants.

### 5. Eighth Amendment Claims

Randolph has argued that the law enforcement officers' alleged actions violated his right to be free from cruel and unusual punishment under the Eighth Amendment. However, the rights of a pretrial detainee are protected under the Fourteenth Amendment while those of a convicted prisoner fall under the Eighth Amendment's prohibition against cruel and unusual punishment. *Valencia v. Wiggins*, 981 F.2d 1440, 1445 (5th Cir. 1993). The merits of Randolph's Fourteenth Amendment claims are already addressed above.

Defendants argue that Randolph has not alleged that he was a convicted prisoner as of March 6, 2017, and as such, the Eighth Amendment is inapplicable in this case. Defendants further assert that any claim for excessive force must fail under a *Heck* analysis, regardless of which Constitutional Amendment it falls under. Accordingly, this claim fails as a matter of law as to all defendants.

### 6. Defamation Claims

Defendants argue that Randolph has no valid Louisiana state law claim for defamation. In Louisiana, defamation is a tort involving the invasion of a person's interest in her reputation or good name. *Costello v. Hardy*, 03-1146 (La. 1/21/04); 864 So.2d 129, 139. Four elements are necessary to establish a claim for defamation: (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Id.* A statement is defamatory if it tends to harm the reputation of another so as to lower the person in the eyes of the community, deters others from associating or entering into dealings with the person, or otherwise expose the person to contempt or ridicule. *Id.* At 140.

Defendants assert that Randolph was arrested on March 6, 2017, and a police report was subsequently issued pursuant to that arrest and ultimately, Randolph was convicted on charges arising out of that arrest. Defendants argue that *ipso facto* the allegations contained in the police report had merit. Accordingly, Randolph has failed to show that the police report which was issued as a result of his arrest was false and therefore is unable to meet the first factor necessary to establish a claim for defamation.

Defendants also argue that Randolph has failed to present any facts or evidence to show that his reputation was damaged as a result of the allegedly defamatory statements, and therefore is unable to meet the fourth factor necessary to establish a claim for defamation.

It has been held that where slander and false arrest are concurrently pled, the two are merged for the purpose of a legal action. *Roche v. Aetna Cas. & Sur. Co.*, 303 So. 2d 888, 890 (La. App. 1 Cir. 1974). Therefore, "if the arrest itself is not actionable, neither is a charge of defamation claimed to have arisen from that arrest." *Id.* Accordingly, this claim fails as a matter of law.

## **CONCLUSION**

For the reasons set forth above, the Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. 94] is **GRANTED** and Plaintiff's claims will be dismissed, with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 24th day of February, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATE DISTRICT JUDGE**